IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROME N. WALLACE SR., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES ARMY and UNITED STATES GOVERNMENT, <br><br> Defendants. | 8:21CV456 <br><br><br> **MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins*

*v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff alleges the United States Army declared he was killed in action in Vietnam in 1966 and has not corrected its records. He wants the court to declare him alive and to order backpay and SGLI insurance coverage.

## III. DISCUSSION

This court does not have jurisdiction to hear Plaintiff's claim for declaratory and injunctive relief in the first instance. The Army Board for the Correction of Military Records (ABCMR) has the authority to correct error or injustice in a military record and to award back pay and other lost benefits, *see* 10 U.S.C. § 1552, and exhaustion of administrative remedies before the ABCMR is required in this circuit. *Watson v. Arkansas Nat. Guard*, 886 F.2d 1004, 1008 (8th Cir. 1989) (citing *Horn v. Schlesinger,* 514 F.2d 549, 553 (8th Cir. 1975).

The ABCMR's decisions are subject to judicial review and may be set aside if they are arbitrary and capricious or are not supported by substantial evidence. *Id.*, at 1011; *see Chappell v. Wallace*, 462 U.S. 296, 303 (1983). It appears Plaintiff has had some contact with the ABCMR, because he alleges the Board "has issued order to all military branches not to converse with Plaintiff" (Filing 1 at 3), and he wants the court to direct the Board to "lift the orders that have [been] given to all entities of the military" (Filing 1 at 8). If Plaintiff is seeking judicial review under the Administrative Procedure Act (APA), *see* 5 U.S.C. § 702, he will need to file an amended complaint showing that he has exhausted his administrative remedies before the ABCMR. If available, he should attach a copy of the Board's decision as an exhibit to the amended complaint.

IT IS ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint

within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **February 2, 2022—amended complaint due**.

5. The court must be kept informed of Plaintiff's current address at all times while this case is pending. Plaintiff's failure to keep the court so informed may result in dismissal of the case without further notice.

Dated this 3rd day of January 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge