IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROME N. WALLACE SR., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES ARMY and UNITED STATES GOVERNMENT, <br><br> Defendants. | 8:21CV456 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, filed a pro se Complaint (Filing 1) on December 1, 2021, and was given leave to proceed in forma pauperis. The court conducted an initial review of the Complaint under 28 U.S.C. § 1915(e)(2) and, in a Memorandum and Order entered on January 3, 2022, determined it did not have jurisdiction to hear Plaintiff's claim for declaratory and injunctive relief in the first instance. However, the court on its own motion gave Plaintiff leave to amend within 30 days to show he has exhausted his administrative remedies before the Army Board for the Correction of Military Records (ABCMR). A pro se Amended Complaint (Filing 7) was timely filed on January 31, 2022, and will now be reviewed by the court.

I.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF PLEADINGS

In his original Complaint, Plaintiff alleged the United States Army declared he was killed in action in Vietnam in 1966 and has not corrected its records. He requested the court to declare him alive and to order backpay and SGLI insurance coverage. In the Amended Complaint, Plaintiff has attached a copy of a decision rendered by the ABCMR on January 11, 2019, which granted partial relief on his application to correct his military records. The Board granted his request to correct his discharge report to include a Purple Heart award, but otherwise denied his requests, including a request for removal of a nonjudicial punishment for sleeping on guard duty and restoration of rank and pay. Other documents are also attached to the Amended Complaint, and Plaintiff alleges the Board's decision was based on an incomplete record due to the erroneous determination that he was killed in action.

## III. DISCUSSION

The ABCMR has the authority to correct error or injustice in a military record and to award back pay and other lost benefits. *See* 10 U.S.C. § 1552. The ABCMR's decisions are subject to judicial review and may be set aside if they are arbitrary and capricious or are not supported by substantial evidence. *Id.*, at 1011; *see Chappell v. Wallace*, 462 U.S. 296, 303 (1983). However, exhaustion of administrative remedies before the ABCMR is required in this circuit. *Watson v. Arkansas Nat. Guard*, 886 F.2d 1004, 1008 (8th Cir. 1989) (citing *Horn v. Schlesinger,* 514 F.2d 549, 553 (8th Cir. 1975). It appears Plaintiff has exhausted his administrative remedies with respect to at least some claims.

Although the court warned Plaintiff in its previous Memorandum and Order that the Amended Complaint would supersede his prior pleadings, in the interest of justice it will treat the Amended Complaint as a supplemental pleading. *See* NECivR

15.1(b) ("In considering pro se litigants' amended pleadings, the court may consider the amended pleading as supplemental to, rather than as superseding, the original pleading, unless the pleading states that it supersedes the prior pleading."); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Liberally construing Plaintiff's pro se pleadings, and giving him the benefit of all reasonable inferences that can be drawn from the facts alleged, *see Tovar v. Essentia Health*, 857 F.3d 771, 774 (8th Cir. 2017) (stating standard of review for a Rule 12(b)(6) motion to dismiss), the court finds this action should be permitted to proceed to service of process. Plaintiff has named the "United States Army" and "United States Government" as defendants. However, under the Administrative Procedure Act, a plaintiff may file suit "against the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. § 703. Accordingly, the court will direct the Clerk of Court to issue summons for the United States, as the sole defendant, to be served by the United States Marshal in the manner prescribed by Federal Rule of Civil Procedure 4(i).[1]

IT IS THEREFORE ORDERED:

1. The Clerk of Court shall modify the court's docket sheet to list "United States" as the sole defendant in place of "United States Army" and "United States Government."

2. For service of process on Defendant "United States," the Clerk of Court is directed to complete three (3) summons forms and three (3) USM-285 forms for such Defendant using these addresses:

> United States Attorney for the District of Nebraska
> 1620 Dodge Street, Suite 1400
> Omaha, NE 68102-1506
> Attn: Civil Process Clerk

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

>Attorney General of the United States
>U.S. Department of Justice
>950 Pennsylvania Avenue, NW
>Washington, DC 20530-0001
>
>Department of the Army
>Army Board for Correction of Military Records
>251 18th Street South, Suite 385
>Arlington, VA 22202-3531

3. The Clerk of Court shall forward the summons forms and USM-285 forms together with three (3) copies each of Plaintiff's Complaint (Filing 1), Plaintiff's Amended Complaint (Filing 7), and this Memorandum and Order to the Marshals Service. **The Marshals Service shall serve the United States at each of the above-listed addresses by certified mail.**

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

6. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

Dated this 2nd day of February 2022.

>BY THE COURT:
>
>*Richard G. Kopf*
>Richard G. Kopf
>Senior United States District Judge