IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEROME N. WALLACE, SR.,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>Defendant. | 8:21-CV-456<br><br><br>**MEMORANDUM AND ORDER REGARDING FILING 23 AND FILING 27** |

## I. BACKGROUND

The Court previously dismissed the above-captioned case without prejudice for lack of subject matter jurisdiction on July 18, 2022. Filing 22 at 5. Eight days after this case was dismissed, Plaintiff submitted a filing (Filing 23) in which he asked the Court not to dismiss his claims against the United States. Filing 23 at 1. Plaintiff further requests in Filing 23 (1) that he be permitted to "sit down with the [C]ourt and give evidence," (2) that the Court request military records from the Army Board for Correction of Military Records (ABCMR), (3) that the Court "request [his] orders from the VA HOSPITAL," and (4) that the Court "help [him] and . . . explore what [s]ettlement is [due] to [him] from THE UNITED STATES." Filing 23 at 1.[1]

The United States, as the named Defendant in this action, filed a brief in opposition to Filing 23 on August 4, 2022. Filing 24 at 2. Defendant construes Plaintiff's filing "to be an

---

[1] Plaintiff also asserts in this filing that his "retired JAG OFFICER attorney has been Gag ordered" by the ABCMR. Filing 23 at 1. Plaintiff does not provide any evidence in support of this claim.

1

untimely opposition to the United States' Motion to Dismiss." Filing 24 at 1. Defendant posits that "to the extent [Plaintiff's] filing is deemed a request for relief from the dismissal Order, pursuant to [Federal Rule of Civil Procedure] 60, that request should be denied." Filing 24 at 1.

Thereafter, on September 7, 2022, Plaintiff submitted another filing (Filing 27) captioned "Moving to Settlement." Filing 27 at 1. In Filing 27, Plaintiff represents that after speaking with counsel for Defendant, the parties have "agreed to move into settlement." Filing 27 at 1. Plaintiff notes he is seeking $75,000,000 and makes a number of assertions ostensibly in support of this claim. Filing 27 at 1-2. This submission concludes by further asking that the ABCMR "release [his] SGLI insurance policy that the board put a hold on." Filing 27 at 3.

Defendant filed a brief in opposition to Filing 27 on September 8, 2022. Filing 28 at 1. Defendant disputes the accuracy of Plaintiff's settlement representation. Filing 28 at 1. Defendant acknowledges that Plaintiff and counsel for Defendant had a telephone conversation on August 19, 2022, during which Plaintiff "indicated he wanted to 'settle' this case." Filing 28 at 1. However, according to Defendant, "[t]here was no agreement to settle or move into any settlement posture." Filing 28 at 1. Defendant avers that to the extent Filing 27 "is a settlement proposal, [counsel for Defendant] will present this offer to his client and respond accordingly." Filing 28 at 1. Defendant concludes by stating that "this Court properly dismissed [Plaintiff's] lawsuit without prejudice and that order should not be disturbed." Filing 28 at 1.

## II. ANALYSIS OF FILING 23

As the Court noted in its prior Order dismissing this case for lack of subject matter jurisdiction, Plaintiff brought this action *pro se* and *in forma pauperis*. Filing 22 at 1. Though Plaintiff neither styles Filing 23 as any specific type of motion nor cites to any particular legal standard, the Court is aware that a document filed *pro se* must be liberally construed. *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Because Plaintiff submitted Filing 23 over a week after the Court entered its Order dismissing his case and because Filing 23 begins by asking the Court not to dismiss his claims against Defendant, the Court understands Plaintiff to be seeking relief from this Court's prior Order of Dismissal (i.e., Filing 22). Thus, Fed. R. Civ. P. 60 governs the analysis.

Pursuant to this Rule, upon a motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

The United States Court of Appeals for the Eighth Circuit has said that Fed. R. Civ. P. 60(b) provides "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 371 (8th Cir. 1994) (internal citation and quotation marks omitted). Moreover, a "district court has wide discretion in deciding whether or not to grant a motion under Fed. R. Civ. P. 60(b), and its decision will only be reversed for clear abuse of discretion." *Id.* The Federal Rules of Civil Procedure do not require a "district court to hold a hearing or make specific findings in dealing with a Rule 60(b) motion.

Rather, whether to grant a hearing or make specific findings in ruling upon a Rule 60(b) motion is left to the district court's discretion." Id. at 374.

The Court does not find that Plaintiff has shown exceptional circumstances warranting the application of such extraordinary relief. When Defendant originally filed its Motion to Dismiss, Plaintiff did not submit anything in response. See Filing 22 at 1. Plaintiff only submitted Filing 23 "asking the court not to Dismiss claims" after his case had already been dismissed for lack of subject matter jurisdiction. See Filing 23 at 1. Though Plaintiff now requests that he be afforded the opportunity to "sit down with the [C]ourt and give evidence," he was previously afforded the opportunity to submit evidence in opposition to Defendant's Motion to Dismiss. He did not to do so. See Filing 22 at 4 ("As mentioned at the outset of this decision, Wallace did not respond to the Defendant's Motion to Dismiss. Thus he has not pointed the Court to any evidence that he has administratively exhausted his claim, despite Judge Kopf granting him the opportunity to do so"). Even now, Plaintiff does not provide any evidence that undermines the basis for this Court's Order of Dismissal—let alone evidence that might qualify as "newly discovered evidence" under Fed. R. Civ. P. 60(b)(2). Plaintiff has not established that any of the reasons identified in Fed. R. Civ. P. 60(b)(1)-(6) are implicated in this case such that this Court should revoke its Order of Dismissal.

Turning next to the four specific modes of relief that Plaintiff requests in Filing 23, the Court concludes as follows. First, the Court denies Plaintiff's request "[t]o sit down with the [C]ourt and give evidence." The Court reaches this conclusion for the reasons addressed above, especially since Plaintiff did not to provide evidence when he had the opportunity to do so before this Court ruled on Defendant's Motion to Dismiss. The Court also reaches this conclusion given that it is unclear from Plaintiff's filing what evidence he seeks to present at such a hearing.

4

The Court further denies Plaintiff's request that this Court order unspecified records from the ABCMR. This Court has already dismissed Plaintiff's case in its entirety for lack of subject matter jurisdiction; accordingly, there is no authority for this Court to order such records. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 639 (2009) ("Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things") (internal quotation marks and citation omitted); *cf. U.S. ex rel. Newell v. City of St. Paul, Minn.*, 728 F.3d 791, 795 n.4 (8th Cir. 2013) (declining to consider a party's alternative argument because it concluded that the court lacked subject matter jurisdiction); *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 334 (8th Cir. 2016) (reasoning that because the district court lacked subject matter jurisdiction the Eighth Circuit would not reach the remaining issues on appeal). For this same reason, the Court also denies Plaintiff's request that it order certain unspecified mental health records from a hospital associated with the Department of Veterans' Affairs. Without subject matter jurisdiction there is no basis for this Court to compel such records.

Finally, the Court denies Plaintiff's request for it "to continue to help [him] and [to] explore what Settlement is do [sic] to [him] from THE UNITED STATES." Filing 23 at 1. In our adversary system, a court is assigned "the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). Federal courts may have some role to play in facilitating settlement, *see e.g.,* Fed. R. Civ. P. 16(a)(5), but to the extent Plaintiff is asking this Court to specifically "help" him "explore" what Defendant may owe him, this is a bridge too far. Even if this Court were to interpret Plaintiff's request narrowly to mean that he is asking the Court to order a pretrial conference for the purposes of facilitating a settlement, again, the Court has already determined that it lacks subject matter jurisdiction over the case.

### III. ANALYSIS OF FILING 27

As it did with Filing 23, the Court must also liberally construe Filing 27. *Erickson*, 551 U.S. at 94. This task is made somewhat more difficult here because, unlike Filing 23, Filing 27 does not request that this Court take any action. It would seem that the aim of Filing 27 is simply to keep the Court apprised of new developments. Nevertheless, the Court will liberally construe Filing 27 to be a motion to stay proceedings pending settlement negotiations. Still, there is nothing to stay given that the Court previously dismissed Plaintiff's case without prejudice for lack of subject matter jurisdiction. To the extent this filing moves for a stay of proceedings, such motion is without merit.

Upon the foregoing,

IT IS ORDERED:

1. The relief requested in Filing 23 is denied;

2. To the extent Filing 27 seeks to stay proceedings pending settlement negotiations, the request for a stay of proceedings is denied, and no other relief is available;

3. The Court's prior Order granting Defendant's Motion to Dismiss, Filing 22, remains undisturbed.

Dated this 14th day of September, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge